**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**YOUNG JU KWON, Defendant—
Appellant.**

**No. 06–10020.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Timothy E. Moran, Office of the U.S. Attorney, Saipan, MP, for Plaintiff–Appellee.

Danilo T. Aguilar, Esq., Saipan, MP, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Federal prisoner Young Ju Kwon appeals from the 63–month sentence imposed following a guilty plea to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Kwon contends that the district court erred by imposing a sentence without conducting a full evaluation of his "substantial assistance," and by erroneously believing that this assistance could be evaluated at a later time through a Fed.R.Crim.P. 35(b) motion. We disagree. Kwon received a three-level downward departure pursuant to United States Sentencing Guidelines § 5K1.1 for substantial assistance. The government's § 5K1.1 motion was based upon the entirety of Kwon's assistance prior to sentencing. The district court and the government correctly noted that any post-sentencing assistance provided by Kwon could be addressed by a motion pursuant to Fed.R.Crim.P. 35(b). *See United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir.2002). Accordingly, the record was complete and the district court properly imposed the sentence. *See United States v. Awad*, 371 F.3d 583, 590 (9th Cir.2004) ("[I]f the government elects to make a § 5K1.1 motion, the court must simply insist that the motion be based upon an evaluation of the assistance that has been rendered by the defendant up to the time of sentencing.").

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.